IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| **ROBERT LEONARD TAYLOR JR.,** | CIVIL ACTION |
| *Plaintiff,* | |
| v. | No. 22-cv-00437 |
| **CITY OF READING, ET AL.,** | |
| *Defendants.* | |

**MEMORANDUM OPINION**

**Goldberg, J.**                                                                                                   **August 6 , 2025**

      Defendants, Officers Francisco Contreras and Ahn Pham of the Reading Police Department filed a motion for summary judgment on all of *pro se* Plaintiff Robert Leonard Taylor Jr.'s Fourth and Fourteenth Amendment claims in this § 1983 action. Because there are no genuine issues of material fact and it is clear that Defendants are entitled to the entry of judgment in their favor as a matter of law, their motion shall be granted.

**FACTUAL AND PROCEDURAL BACKGROUND**

      Plaintiff is proceeding pro se and never responded to the Defendants' motion or Defendants' Statement of Undisputed Material Facts. Thus, the only facts of record before me are those submitted by Defendants, all of which will be considered undisputed. See Fed. R. Civ. P. 56(e)(2)–(3).

      On February 23, 2020, 9-1-1 received a call from a bystander who reported seeing Plaintiff threatening and aiming a gun at three individuals near an AutoZone in Reading. (Def.'s Statement

1

of Undisputed Material Facts ¶¶ 4–13, ECF No. 79) (hereafter "Defendants' Statement"). Plaintiff left the area shortly thereafter on foot and was approached by Contreras, who was a uniformed officer in a marked police car, after Contreras was informed about Plaintiff's activity over the radio. (Id. at ¶¶ 15–17, 21–23.) Plaintiff was on the phone when Contreras arrived, but once he noticed Contreras, Plaintiff fled. (Id. at ¶¶ 22–28.) Contreras pursued Plaintiff on foot down the street and into an alley. (Id. at ¶¶ 29–30.)

During the pursuit, Contreras saw Plaintiff reaching for something in his waistband and subsequently drew his service weapon and aimed it at Plaintiff. (Id. at ¶ 33; Def.'s Ex. D, p. 35, ¶¶ 20–24, ECF No. 79-3.) Plaintiff then pulled out and aimed his gun at Contreras, causing Contreras to fire his gun. (Def.'s Statement of Facts ¶¶ 34, 37, ECF No. 79.) Contreras reported "shots fired" over the radio. (Id. at ¶ 38.) None of the shots made contact with Plaintiff. (Id. at ¶ 40.) Plaintiff then ran behind a parked SUV where he aimed his gun again at Contreras. (Id. at ¶¶ 41–42.) Contreras fired twice more, hitting the SUV both times. (Id. at ¶ 43.) Plaintiff then threw his gun onto the ground under the SUV. (Id. at ¶ 45.)

Officer Pham had also heard the initial report on the radio and arrived on scene when the pursuit between Plaintiff and Contreras began. (Id. at ¶¶ 18, 48–49.) Pham heard Contreras' "shots fired" report but did not see Plaintiff throw the gun under the SUV. (Id. at ¶¶ 51, 53.) Pham saw Plaintiff hiding behind the SUV and drew his service weapon while ordering Plaintiff to show his hands. (Id. at ¶¶ 52, 55.) Plaintiff then walked towards Pham with both his hands visible, while holding a cell phone in his right hand. Contreras then approached both of them and ordered Plaintiff to get on the ground. (Id. at ¶¶ 57–59.) Plaintiff did not obey the commands and kept reaching for his left pocket with his left hand. (Id. at ¶ 60.) Pham then holstered his weapon and grabbed Plaintiff's left hand in an attempt to handcuff him. (Id. at ¶¶ 61–62.) Plaintiff resisted

2

giving both defendants his right hand while continuing to talk on his phone to someone. (Id. at ¶¶ 63–65.)

Officer David Osorio was also responding to both the call regarding the armed suspect and Contreras' "shots fired" call when he arrived on scene to see the other two defendants struggling to handcuff Plaintiff. (Id. at ¶¶ 67–69.) Osorio saw Plaintiff reaching for his waist and struck Plaintiff in the face with his fist. (Id. at ¶¶ 69–70.) The punch caused Plaintiff to fall to the ground, where he continued to resist. (Id. at ¶¶ 71, 73–74.) While on the ground, Osorio placed a knee on Plaintiff's back and struck him two more times until he was able to handcuff him and take him into custody. (Id. at ¶¶ 75–76.)

Plaintiff brought this lawsuit against Defendants Contreras, Osorio, and Pham, all officers in the Reading Police Department, for allegedly violating his Fourth and Fourteenth Amendment rights. Plaintiff also initially brought claims against the City of Reading, but the City was terminated as a defendant on August 17, 2022. (ECF No. 9). To date, no service has been made on Osorio. Defendants Contreras and Pham now move for summary judgment on the grounds that their use of force was reasonable. (ECF No. 80). Plaintiff has not responded to the Defendants' Motion.

I.  **LEGAL STANDARDS**

Summary judgment is warranted when "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). An issue is material only if it could affect the result of the suit under governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). An issue is "genuine" only if there is a sufficient evidentiary basis that would allow a reasonable fact-finder to return a verdict in favor of the non-moving party. Id.

A movant can establish that summary judgment is appropriate by pointing to the absence of evidence to support the non-movant's case. Celotex, 477 U.S. at 325. In response, the non-movant "must rebut the motion with facts in the record and cannot rest solely on assertions made in the pleadings, legal memoranda, or oral argument." Berckeley Inv. Grp., Ltd. v. Colkitt, 455 F.3d 195, 201 (3d Cir. 2006); Est. of Smith v. Marasco, 318 F.3d 497, 514 (3d Cir. 2003) (stating that nonmovant "must present affirmative evidence – whether direct or circumstantial – to defeat summary judgment"). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Liberty Lobby, 477 U.S. at 252. Where there is conflicting evidence about a particular fact, Federal Rule of Civil Procedure 56 requires that I view such evidence in the light most favorable to Plaintiff. Tolan v. Cotton, 572 U.S. 650, 657 (2014) (*per curiam*).

## II.   DISCUSSION

To establish a claim under Section 1983,[1] Plaintiff must demonstrate first, the violation of a right secured by the Constitution or laws of the United States and second, that the alleged deprivation was caused by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). There is no dispute here that Defendants were acting under the color of state law as uniformed officers in the Reading Police Department. (Def.'s Statement of Facts, ¶¶ 1–2, ECF No.

---

[1] Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory … subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ….

4

79.) Contreras and Pham contend summary judgment is appropriate in this case because there was no violation of a constitutional right.

**A.     Reasonable Use of Force**

Defendants first argue that they are entitled to summary judgment on Plaintiff's Section 1983 claim for use of excessive force because the force which they used against Plaintiff was reasonable under the circumstances. To prevail on a Fourth Amendment excessive force claim, a plaintiff must show that a seizure occurred and was unreasonable. Lamont v. New Jersey, 637 F.3d 177, 182-83 (3d Cir. 2011). The parties do not contest that a seizure occurred, as Plaintiff was taken into custody by Defendants. The question now is whether the force used during the seizure was reasonable. See Graham v. Connor, 490 U.S. 386, 395 (1989).

Reasonableness is to be assessed in "the light of the totality of the circumstances," and analyzed from the perspective of a reasonable officer on the scene rather than in hindsight, given that officers are often forced to make split-second judgments in tense and uncertain circumstances. Johnson v. Philadelphia, 837 F.3d 343, 350 (3d Cir. 2016). The Third Circuit lists three factors, first articulated in Graham v. Connor, that should be considered when assessing reasonableness: (1) the severity of the crime at issue; (2) whether the suspect poses an immediate threat to the officers or the public; and (3) whether the suspect is actively resisting arrest or attempting to evade the officers. Anglemeyer v. Ammons, 92 F.4th 184, 188 (3d Cir. 2024) (citing Graham, 490 U.S. at 396). The Court should also consider the physical injury to the Plaintiff, the possibility that Plaintiff is violent or dangerous, the duration of the action, whether the action took place in the context of effecting an arrest, the possibility that the suspect is armed, and the number of persons with whom the police officers had to contend with at one time. Id., at 189 (citing El v. Pittsburgh, 975 F.3d 327, 336 (3d Cir. 2020). Because Plaintiff has not responded to Defendants' motion, it is

5

unclear which force he is alleging was excessive. As such, I will examine all of the force used against him by Defendants and determine whether it was excessive.

### 1.     Pointing a Gun

The first use of force against Plaintiff was when Contreras aimed his gun at him and fired. Defendant Pham also aimed his gun at Plaintiff. The Graham factors have been used by this and other circuits to determine whether an officer's act of drawing his weapon was justified, with the courts dividing these cases into two categories: "(1) cases where an officer was justified in displaying his weapon because he reasonably perceived that he was in danger, and (2) cases where the display was not warranted because there was no threat to officer safety." Stiegel v. Peters Twp., 600 F. App'x 60, 65 (3d Cir. 2014). In Lamont v. New Jersey, the Third Circuit ruled that the police were justified in their use of force because it was reasonable for the officers to conclude that the suspect was drawing a weapon when he suddenly pulled his hand out of his waistband. See 637 F.3d at 183.

Applying the Graham factors to Defendant Contreras' acts, I find the force which he used in aiming and subsequently firing at Plaintiff was reasonable under the circumstances. Contreras was responding to a call for an armed suspect following an assault for which Plaintiff would later be convicted. (Def.'s Statement of Facts ¶¶ 15–17, 21–23, 82, ECF No. 79.) The 911 caller had reported observing a black male wearing a black jacket, tan pants and black hat aiming a gun at three individuals near the AutoZone, and immediately prior to firing his weapon, Officer Contreras saw Plaintiff aiming his gun at him. (Id., ¶¶ 9, 13-14, 17, 20, 31-34). Contreras thought Plaintiff was going to shoot him and feared for his life. (Id., ¶ 36). Defendant Contreras thus reasonably believed that Plaintiff posed an immediate threat to himself and the public, and he therefore had

good cause to use force. I therefore find the undisputed facts show that Contreras acted reasonably under the circumstances in aiming his weapon and firing at Plaintiff.

Similarly, in applying the Graham factors to Defendant Pham's actions, I conclude that no reasonable juror could find that Pham acted unreasonably when he too aimed his weapon at Plaintiff. The severity of the crime is the same as it was for Defendant Contreras. Pham had heard Contreras' call over the radio that shots had been fired, which led Pham to believe that Plaintiff was armed. (Id. at ¶¶ 51, 53). Since he was not on scene to see or hear Plaintiff throw his weapon under the SUV, and because Defendant Contreras had not confirmed to him that Plaintiff no longer had the gun, it was objectively reasonable for Pham to conclude that Plaintiff still posed an immediate threat. At the time, Pham also believed that Plaintiff was actively fleeing from arrest. (Id. at ¶ 57.) Once Pham saw that Plaintiff was unarmed and surrendering himself, he holstered his weapon. Based on these undisputed facts, I conclude that no reasonable juror could find that Pham's use of force was unreasonable under the circumstances.

### 2. Use of Physical Force

Plaintiff also alleges in the Complaint that both Defendant Contreras and Defendant Pham stomped on his back and that Pham also hit him in the face with his pistol. Plaintiff has produced no evidence to support these allegations, and they are unsupported by the Defendants' Statement which is uncontested by the Plaintiff. As such, Contreras and Pham cannot be found to have used excessive force in their efforts to take Plaintiff into custody.

The undisputed facts show that Officer Osorio was the only officer to use physical force against Plaintiff. It must be noted that Officer Osorio was never served and thus is not a party to these proceedings at this time. Nor can Defendants Contreras and Pham be held liable for Osorio's

actions because personal involvement is a prerequisite for liability in the Third Circuit. See Jutrowski v. Twp. of Riverdale, 904 F.3d 280, 291 (3d Cir. 2018).

In light of the totality of the circumstances, and because no reasonable jury could find that the force used by the Defendants was unreasonable, summary judgment is appropriately entered in their favor.

### B.   Qualified Immunity

Defendants Contreras and Pham next argue that their Motion for Summary Judgment should be granted on the basis that were qualifiedly immune from suit. To determine if an officer has qualified immunity, the Court must: (1) define the right allegedly violated with a high degree of specificity; and (2) ask whether that right was clearly defined at the time of the incident. Anglemeyer v. Ammons, 92 F.4th 184, 191 (3d Cir. 2024). As determined above, given that no reasonable jury could find that a right was violated Defendants, *a fortiori*, have qualified immunity.

### III.   CONCLUSION

For the reasons set forth above, Defendants Contreras and Pham's Motion for Summary Judgment is **GRANTED**.

An appropriate Order follows.